UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| CLAUDINE NZIGIRE CHIGANGU, ) <br> a.k.a. Claudine NDusha ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIFA NDUSHA, ) <br> ) <br> SERVE: ) <br> Sifa NDusha ) <br> 2160 Fontaine Road, Apt. 117 ) <br> Lexington, KY 40502 ) <br> ) <br> Defendant. ) | Case No. _____ |

## COMPLAINT

Plaintiff Claudine Nzigire Chigangu, a.k.a. Claudine NDusha ("Plaintiff"), by counsel, states for her Complaint against Defendant, Sifa NDusha ("Ms. NDusha" or "Defendant"), the following.

## Parties

1. Plaintiff is a resident of Fayette County, Kentucky.

2. Defendant Sifa NDusha is, upon information and belief, a resident of Fayette County, Kentucky.

## Jurisdiction And Venue

3. The claims asserted herein arise predominantly from numerous statutes of the United States, including the Trafficking Victims Protection Reauthorization Act of 2003, 22 U.S.C. § 7101 *et seq.* Accordingly, the Court has jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

4.  The Defendant resides in Kentucky.  Accordingly, this Court has jurisdiction over the person of Defendant.  Further, a substantial part of the events or omissions giving rise to the claims asserted herein occurred within the Court's district.  Accordingly, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## The Nature and Scope of the Crime of Trafficking of Persons

5.  The Victims of Trafficking and Violence Protection Act of 2000, 22 U.S.C. § 7101 *et seq*. was enacted effective October 28, 2000 and reauthorized by the Trafficking Victims Protection Reauthorization Act of 2003, effective December 19, 2003, and the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, effective December 23, 2008.  The stated purposes of the Act included "combat[ting] trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children." 22 U.S.C. § 7101(a).

6.  The Act reflects the following findings, *inter alia*, of Congress:

- Trafficking in persons is a growing transnational crime that includes forced labor and involves significant violations of labor, public health, and human rights standards worldwide.

- Traffickers primarily target women and girls.

- Force used against victims includes imprisonment, threats, psychological abuse and coercion.

- Involuntary servitude statues are intended to reach cases in which persons are held in a condition of servitude through nonviolent coercion.

- The United States Declaration of Independence states that all men are created equal and that they are endowed by their Creator with certain unalienable rights.  The right to be free from slavery and involuntary

servitude is among those unalienable rights. Current practices of trafficking of women are similarly abhorrent to the principles upon which the United States was founded.

22 U.S.C. § 7101(b).

### Facts

7. On or around July or August of 2007, Defendant asked Plaintiff if she would like to visit Uganda with her to take English classes for three (3) months. At the time, both Plaintiff and Defendant were residing in the Democratic Republic of Congo (the "DRC").

8. On Defendant's representations that Plaintiff would be able to take English classes in Uganda, Plaintiff agreed to travel to Uganda with Defendant for three (3) months.

9. From approximately July or August of 2007, until on or about September 28, 2011, Plaintiff resided in Uganda with Defendant. Rather than being permitted to attend English classes with Defendant, Plaintiff was forced to stay home and clean the entire house; take care of Defendant's children, and the children of Defendant's sibling; and prepare meals, often working nearly eighteen hour days. Although Plaintiff asked to go home to her family in the DRC on multiple occasions, Defendant would not permit her to leave and either concealed or destroyed her identification papers.

10. On or around September 28, 2011, Plaintiff came to the United States of America with Defendant through the Kentucky Refugee Ministry Program. Defendant misrepresented herself as a refugee from violence in the DRC. Defendant further falsely claimed Plaintiff as her sister, and created a fake name and fake date of birth for Plaintiff.

11. From the time of her arrival in the United States on September 28, 2011, until her escape on April 29, 2013, Plaintiff worked as a domestic servant for the Defendant. Her duties included, but were not limited to, the following: cooking and serving meals for the entire family

(usually three meals a day); cleaning the Defendant's entire household; laundering clothes for the entire family; and bathing, cleaning up after, putting to bed, and generally taking care of the Defendant's three children. Plaintiff typically worked eighteen (18) hours per day, getting up at 6 a.m. to begin working and not being allowed to sleep until around midnight.

12. Defendant also took Plaintiff's food stamp card which was provided through the Kentucky Refugee Ministries program, exercising complete dominion and control over those benefits. Defendant also took Plaintiff's ATM card which was set up for Plaintiff through the Kentucky Refugee Ministries program, and exercised complete dominion and control over all funds in the account.

13. Plaintiff had no access to her identification papers and documents which were obtained through the refugee program. Defendant took these papers immediately upon entrance to the United States of America and never allowed Plaintiff access to them.

14. Throughout the period of Plaintiff's captivity, Defendant used fraud and/or coercion to cause Plaintiff to remain in the residence and engage in domestic servitude against her will. Defendant did so utilizing a variety of methods including, but not limited to, the following: telling Plaintiff that if she left the house she would be arrested; interfering with Plaintiff's ability to access her legal documents; preventing Plaintiff from having any access to financial resources; causing emotional abuse to Plaintiff; and limiting Plaintiff's contact with the outside world.

15. During the entirety of Plaintiff's captivity, Defendant benefitted financially from the actions set forth above.

16. Additionally, from approximately April 28, 2012, until February of 2013, Plaintiff worked at a hotel in Lexington, Kentucky with Defendant, in jobs arranged by the Kentucky

Refugee Ministries program. Defendant forced Plaintiff to immediately give to Defendant all of Plaintiff's wages from working at the hotel. Plaintiff never received any of the benefit from the wages and all were taken by Defendant. Defendant frequently sent money to her father in Uganda, including Plaintiff's wages from her work at the hotel. Defendant would also require Plaintiff to clean rooms assigned to Defendant during their work shift at the hotel. Defendant would further force Plaintiff to travel to their home immediately after her shift and continue to do all the cleaning, cooking, and caring for the children at the house.

17. On or about April 29, 2013, Plaintiff was able to escape after calling the national human trafficking hotline telephone number.

18. Shortly after Plaintiff escaped, Defendant's sister, Mary Louise NDusha, came to Plaintiff's workplace and threatened her, saying that if Defendant's other family members were prevented from coming to the United States from Uganda through the Kentucky Refugee Ministries program because of Plaintiff, Plaintiff would "disappear" and "regret" her life in America.

19. In undertaking the conduct described herein, Defendant conspired with Mary Louise NDusha and others who have yet to be identified.

20. Defendant's actions described herein constituted a scheme, plan or pattern intended to cause Plaintiff to believe that failure to remain in Defendant's custody would result in serious harm to or physical restraint against her and/or constituted the abuse and threatened abuse of the legal process.

21. Defendant's conduct described herein was outrageous and intolerable, in that it offends against the generally accepted standard of decency and morality.

22.     Defendant's conduct described herein caused and continues to cause Plaintiff severe emotional distress and other damages.

### Count I – Forced Labor

23.     Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

24.     Defendant's conduct as described herein constitutes forced labor in violation of 18 U.S.C. § 1589, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

25.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

### Count II – Involuntary Servitude

26.     Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

27.     Defendant's conduct as described constitutes involuntary servitude in violation of 18 U.S.C. § 1584, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

28.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

### Count III – Trafficking Into Forced Labor and/or Involuntary Servitude

29.     Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

30. Defendant's conduct constitutes trafficking into forced labor and/or servitude in violation of 18 U.S.C. § 1590, for which Plaintiff has a private right of action under 18 U.S.C. § 1595.

31. Defendant's conduct constitutes Trafficking in Persons in violation of the Trafficking Victims Protection Act of 2000, 22 U.S.C. § 7101, *et seq*., and further constitutes a Severe Form of Trafficking in Persons pursuant to 22 U.S.C. § 7102(9)(B), for which Plaintiff has a private right of action.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

### Count IV – Document Servitude

33. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

34. Defendant's conduct constitutes Document Servitude in violation of 18 U.S.C. § 1592, for which Plaintiff has a private right of action.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

### Count V – Conspiracy Against Rights

36. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

37. Defendant's conduct constitutes a Conspiracy Against Rights in violation of 18 U.S.C. § 241, for which Plaintiff has a private right of action.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact.

### Count VI – Violation of the Thirteenth Amendment

39. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

40. Defendant's conduct constitutes a violation of the Thirteenth Amendment to the United States Constitution, for which Plaintiff has a private right of action pursuant to 42 U.S.C. § 1985(3).

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact, as well as reasonable attorneys' fees.

### Count VII – Mandatory Restitution

42. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

43. Plaintiff is entitled to mandatory restitution for all losses incurred under 18 U.S.C. § 1593.

### Count VIII – False Imprisonment

44. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

45. Plaintiff was unlawfully detained by Defendant without a claim of justification, authority, or privilege.

46. Defendant detained Plaintiff by using actions that induced a reasonable apprehension that force would be used if Plaintiff did not submit to Defendant's authority.

47. Accordingly, Defendant's conduct constitutes false imprisonment of Plaintiff.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

### Count IX - Conversion

49. Defendant's conduct constitutes conversion of Plaintiff's food stamps, wages, and passport.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact.

### Count X – Fair Labor Standards Act

51. Defendant's conduct, including without limitation their failure to pay minimum wage, to pay overtime, and to account in writing for Plaintiff's hours and wages, constitutes willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. and Kentucky law including KRS 337.010, *et seq*. Because Defendant's conduct was willful, Plaintiff is entitled to recover treble damages.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to damages in an amount to be determined by the trier of fact.

### Count XI - Negligence

53. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

54. Defendant had a duty to exercise ordinary care to prevent foreseeable injury to Plaintiff.

55. Defendant's conduct breached that duty.

56. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

### Count XII – Intentional Infliction of Emotional Distress

57. Plaintiff hereby incorporates the above paragraphs by reference as if fully set forth herein.

58. Defendant's conduct as described above was extreme and outrageous, which intentionally or recklessly caused emotional distress to Plaintiff.

59. Accordingly, Defendant's conduct constitutes the common law tort of outrage, and/or intentional infliction of emotional distress.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injury and is entitled to actual and punitive damages in an amount to be determined by the trier of fact.

### PRAYER FOR RELIEF

Accordingly, Plaintiff respectfully demands the following relief:

1. an award of compensatory damages against Defendant, in an amount to be determined by the trier of fact;

2. punitive damages against Defendant, in an amount to be determined by the trier of fact;

3. restitution pursuant to 18 U.S.C. § 1593;

4. treble damages;

5. attorneys' fees and costs pursuant to 18 U.S.C. § 1595;

6. a jury trial on all issues so triable; and

7. any other relief to which she may be entitled.

Respectfully submitted,

/s/ Colin H. Lindsay
Colin H. Lindsay
Marisa E. Main
Dinsmore & Shohl LLP
101 South Fifth Street, Suite 2500
Louisville, KY  40202
(502) 540-2300
(502) 585-2207 (Facsimile)
colin.lindsay@dinsmore.com
marisa.main@dinsmore.com

and

William T. Lunceford
William T. Lunceford PLC
2450 Moffett Road
Independence, KY  41051
(859) 512-4172
william@luncefordlaw.com

*Counsel for Plaintiff Claudine Nzigire Chigangu, a.k.a. Claudine NDusha*